# In the United States Court of Federal Claims

No. 23-479C
(Filed: October 12, 2023)
**NOT FOR PUBLICATION**

```
***************************************
JUDY DAIL WILKEY,                      *
                                       *
              Plaintiff,               *
                                       *
v.                                     *
                                       *
THE UNITED STATES,                     *
                                       *
              Defendant.               *
                                       *
***************************************
```

## OPINION AND ORDER

Plaintiff Judy Dail Wilkey, proceeding *pro se*, alleges that she was denied various public benefits and resources. *See* Complaint (ECF 1). She has also moved to proceed *in forma pauperis* (ECF 2), to compel production of certain documents (ECF 10), and to assign a mediator to her claim (ECF 11). The government has moved to dismiss under RCFC 12(b)(1) and 12(b)(6).[1] Ms. Wilkey's motion to proceed *in forma pauperis* is **GRANTED**. The motion to dismiss for lack of jurisdiction is **GRANTED**, and Ms. Wilkey's other pending motions are thus **DENIED AS MOOT**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused

---

[1] *See* Mot. to Dismiss (ECF 8). Ms. Wilkey has filed a response (ECF 9), and the government has filed a reply (ECF 12).

from meeting jurisdictional requirements.*" Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings") (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)).

Most of Ms. Wilkey's claims are directed against individuals, private companies, and North Carolina state government bodies. But this Court has no jurisdiction over claims against defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Even when a lawsuit is nominally brought against the United States, this Court only has jurisdiction if the allegations in fact "implicate the United States." *Arroyo v. United States*, 2021 WL 2769874, at *4 (Fed. Cl. 2021) (citing *May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997)). Here, although Ms. Wilkey brings claims about the administration of medical, disability, and housing programs funded and regulated by the federal government, the misconduct she alleges involves non-federal entities. This Court therefore lacks jurisdiction over those claims.

To the extent some of Ms. Wilkey's claims do implicate the United States, they cannot be heard in this Court either. Claims for money in this Court are premised on (1) contracts between the plaintiff and the United States, (2) illegal exactions of money by the United States, or (3) laws or constitutional provisions that require the United States to pay money to the plaintiff. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing 28 U.S.C. § 1491(a)(1)); *Spencer v. United States*, 98 Fed. Cl. 349, 355 (2011). This Court also lacks jurisdiction over claims that are assigned to the jurisdiction of other courts. *Horne v. Dep't of Agric.*, 569 U.S. 513, 527 (2013).

Ms. Wilkey does not allege that she has a contract with the United States or that the United States illegally exacted money from her. Instead, she raises claims involving entitlement to Social Security benefits and correction of Social Security records under the Privacy Act, all of which are committed to the jurisdiction of the district courts. *Howell v. United States*, 127 Fed. Cl. 775, 788 (2016); *Parker v. United States*, 77 Fed. Cl. 279, 291–92 (2007) (citing 5 U.S.C. § 552a(g)(1)), *aff'd*, 280 Fed. Appx. 957, 958 (Fed. Cir. 2008).

Assuming Ms. Wilkey intends to claim that she is a victim of discrimination or of violations of the Fair Housing Act, such claims belong in district courts as well. *Starnes v. United States*, 162 Fed. Cl. 468, 473–74 (2022); *Allen v. United States*, 153 Fed. Cl. 1, 4–5 (2021) (citing 42 U.S.C. § 3613). Finally, although Ms. Wilkey appears to claim that she has been deprived of due process of law, claims under the due

process clause of the Fifth Amendment are not within this Court's jurisdiction either. *Mullenberg v. United States*, 857 F.2d 770, 773 (Fed. Cir. 1988).

I have reviewed Plaintiff's complaint in its entirety, and I am unable to identify any claims within this Court's jurisdiction. Defendant's motion to dismiss is **GRANTED** and the case is **DISMISSED**, without prejudice, for lack of jurisdiction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice."). Ms. Wilkey's motion to proceed *in forma pauperis* is **GRANTED**, and her motion to compel and motion for mediation assignment are **DENIED AS MOOT**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz  
STEPHEN S. SCHWARTZ  
Judge